# EXHIBIT A

# EXHIBIT A

**ORIGINAL**

COMP
LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
302 East Carson, Suite 702
Las Vegas, Nevada 89101
(702) 386-0536 - FAX: (702) 386-6812
Attorney for Plaintiff

FILED
MAR 7 4 21 PM '07
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

ANDREA CARRASCO-RIVERA,

    Plaintiff,

vs.

ADAM S. KUTNER, P.C. and
ADAM S. KUTNER, individually,

    Defendants.

Case No. A537284
Dept. No. III

**ARBITRATION EXEMPT
INJUNCTIVE & DECLARATORY
RELIEF REQUESTED**

## COMPLAINT

COMES NOW the Plaintiff Andrea Carrasco-Rivera, by and through her counsel, Daniel Marks, Esq., and for her cause of action against the Defendants herein alleges as follows:

1. That at all times material hereto, Plaintiff Andrea Carrasco-Rivera, was a resident of Clark County, Nevada.

2. That at all times material hereto, Adam S. Kutner, P.C. was and is professional corporation duly organized, existing and qualified to do business under the laws of the State of Nevada.

3. That at all times material hereto, Adam S. Kutner, was a resident of Clark County, Nevada.

4. The Defendants caused events to occur within the state of Nevada out of which Plaintiff's claims herein arise. The jurisdictional amount for filing this claim is satisfied and exceeds ten thousand dollars ($10,000.00).

///
///
////
////

1

## COUNT I

### (Assault and Battery)

5. Plaintiff restates the allegations of Paragraphs 1 through 3 and incorporates them herein by reference.

6. That Plaintiff began her employment with the Defendant corporation on October 6, 2004, and worked until her constructive termination on October 30, 2005.

7. That during the year 2005, Defendant Adam S. Kutner, acting in the course and scope of his employment with Adam S. Kutner, P.C., did physically assault and batter said Plaintiff by assaulting her with golf clubs. Said assault and battery occurred in Clark County, Nevada, and has caused damages in an amount in excess of $10,000.00.

## COUNT II

### (Intentional Infliction of Emotional Distress)

8. Plaintiff restates the allegations of Paragraphs 1 through 3 and incorporates them herein by reference.

9. That the Defendant individually, and in the course and scope of his employment with the Defendant corporation, did make comments to Plaintiff by calling her a stupid idiot and a fucken useless moron, referred to women as stupid, commenting on physical body parts of women, making her watch himself groom himself and talk about his sexual conquests.

10. That said comments were made to humiliate and embarrass Plaintiff and constituted intentional infliction of emotional distress.

11. That because of said comments, Plaintiff has been damaged in an amount in excess of $10,000.00.

## COUNT III

### (Negligent Infliction of Emotional Distress)

12. Plaintiff restates the allegations of Paragraphs 1 through 7 and incorporates them herein by reference.

13. That the Defendant individually, and in the course and scope of his employment with the Defendant corporation, did make comments to Plaintiff by calling her a fucken stupid idiot

2

(Page 3 of 5)
Case 2:07-cv-00578-KJD-RJJ   Document 1-2   Filed 05/02/07   Page 4 of 8

and a fucken useless moron, referring to women as stupid, commenting on physical body parts of women, making her watch himself groom himself and talk about his sexual conquests.

14. That said comments were done negligently and constitute negligent infliction of emotional distress.

15. That because of said comments, Plaintiff has been damaged in an amount in excess of $10,000.00.

## COUNT IV

**(Sex Discrimination Under 42 U.S.C. § 2000(e) and NRS Chapter 613)**

16. Plaintiff restates the allegations of Paragraphs 1 through 8 and incorporates them herein by reference.

17. That beginning in approximately August of 2005 through the end of Plaintiff's employment in October of 2005 with the Defendant corporation, the Plaintiff was subjected to a severe and hostile work environment on the basis of her gender and sex, in having to listen to comments regarding Defendant's sexual conquests, comments on female body parts and their sizes, and other sexual matters.

18. That said comments were severe and pervasive and occurred on a frequent basis.

19. That said comments constituted discrimination under 42 U.S.C. § 2000(e), NRS 613, et al.

20. That Plaintiff constructively terminated her employment on or about October 30, 2005 because of said actions by the Defendant corporation.

21. That Plaintiff complied with all statutory and/or administrative prerequisites for filing this action, and has requested and obtained a right to sue letter from the Equal Employment Opportunity Commission, and has filed this action within ninety (90) days of receipt of her right to sue letter.

22. That Plaintiff is entitled to back pay, front pay, compensatory damages.

23. That the actions of the Defendants were done with actual malice, fraud and oppression and Plaintiff is entitled to punitive damages under 42 U.S.C. § 2000(e), et al. and her common law claims set forth above.

24. That pursuant to NRS 613 and 42 U.S.C. § 2000(e), Plaintiff is entitled to attorney's fees and costs.

### COUNT V

**(Discrimination Based on National Origin Under 42 U.S.C. § 2000(e) and NRS Chapter 613)**

25. Plaintiff restates the allegations of Paragraphs 1 through 20 and incorporates them herein by reference.

26. That Plaintiff began her employment with the Defendant corporation on October 6, 2004. Beginning August 15, 2005 and continuing until October 30, 2005, Plaintiff was discriminated against on the basis of her national origin, Hispanic, in violation of 42 U.S.C. § 2000(e) and NRS Chapter 613 in that there were discriminatory comments, slurs, as well as actions by Defendant Kutner, including claiming that Hispanics were lazy, stupid and calling her a fucken stupid idiot and a fucken useless moron.

27. That because of the actions of the Defendant, Plaintiff constructively terminated her employment with the Defendant corporation on October 30, 2005.

28. That Plaintiff complied with all statutory and/or administrative prerequisites for filing this action, and has requested and obtained a right to sue letter from the Equal Employment Opportunity Commission, and has filed this action within ninety (90) days of receipt of her right to sue letter.

29. That Plaintiff is entitled to back pay, front pay, compensatory damages.

30. That the actions of the Defendants were done with actual malice, fraud and oppression and Plaintiff is entitled to punitive damages under 42 U.S.C. § 2000(e), et al. and her common law claims set forth above.

31. That pursuant to NRS 613 and 42 U.S.C. § 2000(e), Plaintiff is entitled to attorney's fees and costs.

### COUNT VI

**(Injunctive Relief)**

32. Plaintiff restates the allegations of Paragraphs 1 through 20 and incorporates them herein by reference.

4

33. That as a direct and proximate result of the Defendants' actions, the Plaintiff seeks injunctive and declaratory relief, to enjoin the Defendant from continuing to practice discrimination in the workplace and for a declaration of her rights.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For special damages in an amount in excess of $10,000.00;
2. For general damages in an amount in excess of $10,000.00;
3. For compensatory damages in an amount in excess of $10,000.00;
4. For punitive damages in an amount in excess of $10,000.00;
5. For injunctive relief enjoining the Defendant from continuing to practice discrimination in the workplace;
6. For attorney's fees and litigation costs incurred;
7. For pre-judgment interest and post-judgment interest;
8. For such other and further equitable relief, as the Court deems just and proper.

DATED this ___7___ day March, 2007.

LAW OFFICE OF DANIEL MARKS

_____
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
302 East Carson Avenue, Suite 702
Las Vegas, Nevada 89101
   Attorney for Plaintiff

# EXHIBIT B

# EXHIBIT B

ORIGINAL                                                    COPY

1  ACSR
   LAW OFFICE OF DANIEL MARKS
2  DANIEL MARKS, ESQ.
   Nevada State Bar No. 002003
3  302 East Carson, Suite 702
   Las Vegas, Nevada 89101
4  (702) 386-0536 - FAX: (702) 386-6812
   Attorney for Plaintiff
5

6              DISTRICT COURT

7           CLARK COUNTY, NEVADA

8  ANDREA CARRASCO-RIVERA,

9         Plaintiff,                Case No.    A537284
                                    Dept. No.   III
10       vs.

11 ADAM S. KUTNER, P.C. and
   ADAM S. KUTNER, individually,
12
          Defendants.
13 _____/

14              **ACCEPTANCE OF SERVICE**

15      ACCEPTANCE OF SERVICE of the Summons and Complaint on behalf of Adam S. Kutner, P.C.

16 and Adam S. Kutner, individually are hereby acknowledged this 15th day of March, 2007.

17                          HUTCHISON & STEFFEN, LLC

18                          [signature]

19                          MARK A. HUTCHISON, ESQ.
                            Nevada Bar No. 004639
20                          10080 West Alta Drive, Suite, 200
                            Las Vegas, Nevada 89145
21                          Attorney for Defendants

22

23

24

25

26

27 ANS due: 4/4/07

28

                            1